IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01955-KLM

LARRY PARR, a/k/a Gentleman Larry,

     Plaintiff,

v.

GARY PAUL STEVENS,
DAVE JONES, and
CITY OF ENGLEWOOD,

     Defendants.

---

**ORDER**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Defendants Dave Jones and the City of Englewood's **Motion to Dismiss** (the "Englewood Defendants' Motion") [#4][1] and Defendant Gary Paul Stevens' **Motion to Dismiss Complaint** [#6] (the "Defendant Stevens' Motion") (collectively, the "Motions"). Plaintiff, who proceeds as a pro se litigant,[2] filed Responses [#7, #10] in opposition to the Motions, and Defendants filed Replies [#9, #11]. The Court has reviewed the Motions, the Responses, the Replies, the entire case

---

    [1] "[#4]" is an example of the convention the Court uses to identify the docket numbers assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.
    [2] The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a pro se litigant's advocate, nor should the court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motions [#4, #6] are **GRANTED**.[3]

## I. Background[4]

Plaintiff initiated this action against Defendants Gary Paul Stevens ("Stevens"), Dave Jones ("Jones"), and the City of Englewood on August 1, 2018. *Compl.* [#1] at 1. Generally, Plaintiff's claims arise from his arrest and detention on August 2, 2017. *Id.* at 2. Plaintiff alleges that his arrest was made by Defendant Jones, a police officer for the City of Englewood, pursuant to an "unverified accusation" by Defendant Stevens, a private citizen. *Id.* at 2-4. Plaintiff states that the unverified complaint was based on a Permanent Civil Protection Order (the "Protection Order") which prohibits Plaintiff from being within 100 yards of Defendant Stevens' residence located at 2690 W. Union Avenue, Englewood, Colorado, 80110. *Id.* at 2-3. Plaintiff asserts that he was wrongfully arrested because the "alleged violation" occurred at 2722 West Union Ave., Englewood, Colorado 80110, which, according to Plaintiff, is more than 100 yards from Defendant Stevens' residence. *Id.* at 2.

Plaintiff further alleges that Defendant Jones made the arrest without verifying whether Plaintiff was or had been within 100 yards of Defendant Stevens' residence and that Defendant Jones was "following standard policy which instructs [law enforcement officers] to make an arrest pursuant to an unverified accusation." *Id.* at 2-3. Plaintiff states that, because of the arrest, he was "held captive" from 10:15 a.m. to about 11:30

---

[3] Pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), this case has been referred to the undersigned for all purposes on the consent of the parties. *See* [#8].
[4] In resolving the Motions [#4, #6], the Court accepts as true all well-pled, as opposed to conclusory, allegations made in Plaintiff's Complaint [#1]. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

p.m. on August 2, 2017 and "would have been kept captive much longer [had he] not been bonded out" for $760. *Id.* Ultimately, however, Plaintiff states that, "[o]nce the [p]rosecutor learned of [t]he [f]alse [a]ccusation, the [p]rosecutor moved [t]he [c]ourt for dismissal." *Id.*

On these facts, Plaintiff asserts the following six claims in his Complaint [#1]: (1) "Defendants lacked the power and right to prevent plaintiff from taking photos as alleged" ("Claim One"); (2) "Defendants lacked the power and right to arrest Plaintiff without probable cause" ("Claim Two"); (3) "Defendants lacked the power and right to inflict punishment on Plaintiff" ("Claim Three"); (4) "Defendants lacked the power and right to obstruct or prevent Plaintiff from remaining at liberty" ("Claim Four"); (5) "Defendants lacked the power and right to victimize Plaintiff through any abuse of Legal Process" ("Claim Five"); and (6) "Defendants lacked the power and right to obstruct Plaintiff's civil rights" ("Claim Six"). *Id.* at 3-4. As remedies for his alleged injuries, Plaintiff demands to be "recompensated [*sic*] and indemnified for [t]he [t]ime he lost under unlawful incarceration" by an award of $864,125.25. *Id.* at 4.

Taken together, both Motions [#4, #6] seek to dismiss all six of Plaintiff's claims pursuant to Rule 12(b)(6).[5] Specifically, Defendant Jones contends that all claims against him in his individual capacity should be dismissed on the grounds of qualified immunity and failure to state a claim. *Englewood Defendants' Motion* [#4] at 3-5. The City of

---

[5] The Court notes that the Englewood Defendants' Motion once refers to Rules 12(b)(1) and 12(b)(5) as additional grounds for dismissal. [#4] at 1. However, nowhere in the Englewood Defendants' Motion do these Defendants argue that the Court lacks subject matter jurisdiction or that service of process was insufficient. *See generally* [#4]. Accordingly, the Court presumes that the reference to Rules 12(b)(1) and 12(b)(6) was a typographical error and construes the Englewood Defendants' Motion [#4] as a motion to dismiss solely under Rule 12(b)(6). *See Taylor v. Zumwalt*, No. 04-905-WJ-DJS, 2005 WL 8163606, at *1 n.2 (D.N.M. Oct. 14, 2005) (explaining that a qualified immunity defense is properly brought pursuant to Rule 12(b)(6) and does not implicate a court's subject matter jurisdiction).

Englewood, in turn, asserts that any claim against it should be dismissed because Plaintiff has failed to adequately allege any policy or custom, or any underlying constitutional violation. *Id.* at 5-6. Finally, Defendant Stevens argues that Plaintiff fails to allege that Defendant Stevens was a state actor with respect to his constitutional claims and fails to state a claim for abuse of process under Colorado law. *See generally Defendant Stevens' Motion* [#6].

## II. Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original, internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] [ ] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 556 U.S. at 679 (second brackets added, citation and internal quotation marks omitted).

## III. Analysis

As a preliminary matter, the Court notes that each of Plaintiff's claims refer to "Defendants" collectively, making it unclear which claims are being asserted against which Defendant. *See Compl.* [#1] at 3-4. Considering Plaintiff's pro se status and in the interest of completeness, the Court construes the Complaint [#1] as asserting five of the six claims against all Defendants. However, as discussed in Section C below, the Court construes Claim Five as being asserted only against Defendant Stevens and thus, does not address this claim with respect to Defendant Jones or the City of Englewood. The Court notes that while it must construe Plaintiff's Complaint liberally, "the [C]ourt cannot take on the responsibility of serving as [Plaintiff's] attorney in constructing arguments and

searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). With this in mind, the Court addresses each Defendant and the arguments raised for dismissal in the respective Motions [#4, #6].

## A.    Defendant Jones in his Individual Capacity[6]

As stated above, Defendant Jones contends that all claims against him in his individual capacity should be dismissed based on qualified immunity and failure to state a claim. *Englewood Defendants' Motion* [#4] at 3-5.

Government officials are entitled to qualified immunity from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person in their position would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To overcome the defendant's claim of qualified immunity, the plaintiff must establish that the defendant's actions (1) violated plaintiff's constitutional or statutory right and (2) that the right at issue was clearly established at the time of the defendants' alleged unlawful conduct. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). For a constitutional right to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clear weight of authority from other circuits must establish the constitutional right. *Medina v. City and Cty. of Denver*, 960 F.2d 1493, 1498 (1992). Once a defendant asserts qualified immunity, the plaintiff bears the burden of satisfying that defendant's actions violated a constitutional right. *Dodds v. Richardson*, 514 F.3d 1185, 1191 (10th Cir. 2010).

---

[6]    Because Plaintiff seeks money damages for past conduct, the Court assumes that Plaintiff names Defendant Jones in his individual capacity only. *See Hunt v. Colo. Dep't of Corr.*, 271 Fed. App'x. 778, 781 (10th Cir. 2008) (The Eleventh Amendment immunity bars claims against individuals sued in their official capacities "for money damages and relief for prior acts.").

Qualified immunity is applicable unless the plaintiff can satisfy both prongs of the inquiry. *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009). Thus, a defendant is entitled to qualified immunity if the plaintiff fails to show a violation of a constitutional right at all. *See e.g.*, *Romero v. Fay*, 45 F.3d 1472, 1475 (defendant entitled to qualified immunity because plaintiff failed to allege facts and law demonstrating defendant arrested him without probable cause in violation of the Fourth Amendment).

1. **Claim One (First Amendment Retaliation)**

In Claim One, Plaintiff asserts that "Defendants lacked the power and right to prevent plaintiff from taking photos as alleged." *Compl.* [#1] at 3. Pursuant to the section of Plaintiff's Complaint [#1] entitled "Jurisdiction," Plaintiff appears to bring Claim One under the First Amendment. *Id.* at 2. In support of this claim Plaintiff alleges the following facts:

> On The Morning of 08-02-2018, Plaintiff was visiting 2722 W. Union Ave, which is more than 100 yards from 2690 W. UNION AVE, easily verified by Arapahoe County's Advertised Map Records, if Plaintiff was taking photos of his illegally confiscated homestead, 2710 W. UNION AVE, as alleged, the taking of such photos would have been Legal, within the protection of The 1st Federal Charter Amendment and without The Restrictions of The RESTRAINING ORDER.

*Id.*

Based on the foregoing, the Court construes Claim One as a First Amendment retaliation claim. To state a First Amendment retaliation claim, Plaintiff must allege that "(1) he was engaged in constitutionally protected activity, (2) the government's actions caused him injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the government's actions were substantially motivated as a response to his constitutionally protected conduct." *Nielander v. Bd. of Cty. Comm'rs*, 582 F.3d 1155, 1165 (10th Cir. 2009).

Even construing Plaintiff's allegations liberally, Plaintiff fails to allege any facts to satisfy either the first or third prong of a retaliation claim: that he was engaged in constitutionally protected activity or that the government's actions were substantially motivated as a response to constitutionally protected conduct.

For Plaintiff to successfully assert that he was engaged in a constitutionally protected activity, he must demonstrate that he possessed (1) a message to be communicated and (2) an audience to receive the message. *Hurley v. Irish-Am. Gay, Lesbian, & Bisexual Group of Boston*, 515 U.S. 557, 568 (1995); *Porat v. Lincoln Towers Cmty. Ass'n*, No. 04-cv-31999, 2005 WL 646093, at *4 (S.D.N.Y. Mar. 21, 2005). Here, Plaintiff fails to allege that he was attempting to express or communicate an idea by taking photographs of his "illegally confiscated homestead." *Compl.* [#1] at 3. Nor does he indicate that the photos were meant for anyone but himself. *See Porat,* 2005 WL 646093, at *4-5 (noting that photos for private consumption are generally not protected under the First Amendment); *Larsen v. Fort Wayne Police Department*, 825 F.Supp.2d 965, 979 (N.D. Ind. 2010).

Assuming *arguendo* that Plaintiff had a constitutionally protected right to photograph his "illegally confiscated homestead," Plaintiff fails to allege any facts to demonstrate that his arrest by Defendant Jones was substantially motivated in response to such photographs. *See Mocek v. City of Albuquerque*, 813 F.3d 912, 930 (10th Cir. 2015); *see also Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (explaining that the plaintiff's retaliation claim failed because he had "presented no evidence that the defendants' alleged retaliatory motives were the 'but for' cause of the defendants' actions"); *Magluta v. U.S. Fed. Bureau of Prisons*, No. 08-cv-00404-CMA-MJW, 2009 WL

1504749, at *3-4 (finding that plaintiff failed to state a plausible retaliation claim because he had not identified any facts alleging that defendants' conduct would not have happened but for plaintiff's protected activity). Instead, he asserts that the arrest was based on an "unverified accusation" that he violated the Protection Order. *Compl.* [#1] at 2. Therefore, to the extent that Plaintiff is asserting that Defendant Jones arrested him for taking photographs, his own allegations contradict such an assertion.

Because Plaintiff has not sufficiently alleged a constitutional violation, Defendant Jones is entitled to qualified immunity with respect to Claim One. *See Escobar v. Reid*, 668 F. Supp. 2d 1260, 1293 (D. Colo. 2009). Accordingly, the Englewood Defendants' Motion [#4] is **granted** to the extent that Claim One against Defendant Jones in his individual capacity is **dismissed with prejudice**. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

### 2. Claim Two (Fourth Amendment Unlawful Arrest)

Claim Two asserts that "Defendants lacked the power and right to arrest Plaintiff without probable cause." *Compl.* [#1] at 3. In the "Jurisdiction" section of the Complaint [#1], it appears that Plaintiff brings this claim pursuant to the Fourth Amendment. *Id.* at 2. In support of this claim, Plaintiff alleges:

> On The Morning of 08-02-2018 Plaintiff was visiting 2722 W. Union Ave, which is more than 100 yards from 2690 W. UNION AVE, easily verified by Arapahoe County's Advertised Map Records, Plaintiff was arrested without probable cause under the guise of a RESTRAINING ORDER violation.

*Id.* at 3.

"The Fourth Amendment protects the right of individuals to be free from improper arrest and detention." *Buck v. City of Albuquerque*, 549 F.3d 1269, 1281 (10th Cir. 2008); *see* U.S. Const. amend. IV ("The right of people to be secure in their persons ... against unreasonable seizures . . . shall not be violated."). "[W]hen a warrantless arrest is the subject of a § 1983 action, in order to succeed, a plaintiff must prove the officer(s) lacked probable cause." *Buck*, 549 F.3d at 1281. "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) (citations omitted). "Probable cause exists where facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information are sufficient to warrant a prudent man in believing that an offense has been or is being committed." *Marshall v. Columbia Lea Regional Hosp.*, 345 F.3d 1157, 1166 (10th Cir. 2003) (internal quotation marks and citation omitted). Thus, to be entitled to qualified immunity, Defendant Jones need only to have possessed a reasonable belief that probable cause existed. *Coburn v. Nordeen*, 72 F. App'x 744, 746 (10th Cir. 2003) (citing *Anderson v. Creighton*, 483 U.S. 635, 643-44 (1987) ("We have recognized that it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials -- like other officials who act in ways they reasonably believe to be lawful -- should not be held personally liable.")).

Here, Plaintiff alleges that there was no probable cause for his arrest. *Compl.* [#1] at 3. Plaintiff appears to rely on the following two facts to substantiate this claim: (1) that Defendant Jones made the arrest based on Defendant Stevens' "unverified accusation" that Plaintiff had violated the Protection Order; and (2) that Defendant Jones failed to

verify whether Plaintiff had in fact been within 100 yards of Defendant Stevens' residence. *Id.* at 2, 3. As argued by Defendant Jones, there is no legal support for Plaintiff's claim as presently asserted. *See Englewood Defendants' Motion* [#4] at 4.

First, it is well settled that "victim complaints alone may form a basis of probable cause." *Schreiner v. City of Louisville*, No. 15-cv-00287-REB-CBS, 2015 WL 9437882, at *6 (D. Colo. Dec. 4, 2015), *report and recommendation adopted*, No. 15-cv-00287-REB-CBS, 2015 WL 9315736 (D. Colo. Dec. 23, 2015) (collecting cases); *see also Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 743 (7th Cir. 2003) ("The complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate." (citations omitted)). Moreover, an officer who has probable cause to arrest is not required to conduct further investigation for exculpatory evidence or to pursue the possibility that the suspected offender is innocent. *Simkunas v. Tardi*, 930 F.2d 1287, 1292 (7th Cir. 1991); *Marx v. Gumbinner*, 905 F.2d 1503, 1507 n.6 (11th Cir. 1990); *Franco-de Jerez v. Burgos*, 876 F.2d 1038, 1042 (1st Cir. 1989). An arresting officer is not required to hold a trial at the scene of an apparent crime to determine the credibility of witnesses. *United States v. Torres-Castro*, 374 F. Supp. 2d 994, 1010-11 (D.N.M. 2005).

In his Response [#7] to the Englewood Defendants' Motion [#4], Plaintiff does not directly address Defendant Jones' assertion of qualified immunity. Instead, Plaintiff reiterates the allegations in his Complaint [#1] and asserts that "it is undeniable Plaintiff was arrested without probable cause and injured because of such arrest, therefore it is

up to this Court to decide whether Federal Law encompasses the sort of trespass perpetrated on Plaintiff." *Response* [#7] at 5.[7]

Plaintiff has not offered any additional facts to plausibly support the allegation that Defendant Jones knew that Defendant Stevens' complaint was false. In short, the Complaint [#1] contains nothing more than Plaintiff's "conclusions based on his own suppositions," *Schreiner*, 2015 WL 9437882, at *7, which show that Plaintiff "merely disagrees with the credibility decisions, inferences and conclusions that [Defendant Jones] elected to draw from [the] facts," *id.* (quoting *Spalsbury v. Sisson*, 2007 WL 2705722 at *7 (10th Cir. Sept. 11, 2007)). Thus, Plaintiff's conclusory and unsubstantiated assertions fail to provide sufficient factual background to conclude that "no reasonably competent official would have found indicia of probable cause." *Coburn*,

---

[7] In his Response [#7], Plaintiff also quotes from and attaches a transcript of a motions hearing held in the state criminal action that followed his arrest. *See generally* [#7]. Defendant Jones and the City of Englewood contend that the transcript demonstrates "unequivocally that probable cause existed for Plaintiff's arrest" and that the Court may consider the transcript because it was "filed by the Plaintiff in support of his own brief." *Reply* [#9] at 2. However, Defendants do not cite any authority for the proposition that the Court may consider such evidence at this stage of the proceedings merely because Plaintiff included it within his Response. Generally, when considering a motion to dismiss, the Court must disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). However, the Court may consider documents outside of the complaint on a motion to dismiss in three instances. First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Rule 12(b)(1). *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000). Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). Third, the Court may consider outside documents that are both central to the plaintiff's claims and to which the plaintiff refers in his complaint. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). Even if a document meets the criteria above, it is within the discretion of the Court whether to consider it. *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999). The failure to convert a Rule 12(b)(6) motion to one for summary judgment where a court does not exclude outside materials is reversible error unless the dismissal can be justified without considering the outside materials. *Id.* (citing *Brown v. Zavaras*, 63 F.3d 967, 970 (10th Cir. 1995)). Although the transcript attached to Plaintiff's Response may fall under the second exception to the general rule, the transcript is not central to Plaintiff's claims and is not referred to in the Complaint. For these reasons, the Court exercises its discretion in not considering the transcript at this stage. *Prager*, 180 F.3d at 1189.

72 F. App'x at 747; *see also Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (a court may not "assume that [a plaintiff] can prove facts that it has not alleged or that the defendants have violated [the laws] in ways that have not been alleged"); *Keough v. Packard*, No. 13-cv-02485-REB-KLM, 2014 WL 4627193, at *7 (D. Colo. Sept. 15, 2014) (holding that lack of probable cause cannot be based on an unsubstantiated legal conclusion) (citing *Giacalone v. Pa. Ins. Fraud Prevention Auth.*, No. 3:11-cv-01647, 2012 WL 629437, at *4 (M.D. Pa. Feb. 27, 2012) ("Plaintiffs' insistence that there was no probable cause for the search warrant, without any further factual allegations, is not enough to overcome the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure." (footnote omitted)); *Ghaster v. City of Rocky River*, No. 09-cv-02080, 2010 WL 2802682, at *5 (N.D. Ohio July 13, 2010) (citation omitted) (same); *Moore v. Miami-Dade Cty.*, 502 F. Supp. 2d 1224, 1234 (S.D. Fla. 2007) (citation omitted) (same)) (further citations omitted).

Because Plaintiff has not alleged facts to suggest that Defendant Jones did not reasonably believe probable cause existed for Plaintiff's arrest, he has not sufficiently alleged that a constitutional violation occurred. *See Coburn*, 72 F. App'x at 747. Thus, Defendant Jones is entitled to qualified immunity on this claim. *See Harlow*, 457 U.S. at 818. Accordingly, the Englewood Defendants' Motion [#4] is **granted** to the extent that Claim Two against Defendant Jones in his individual capacity is **dismissed without prejudice**. *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (holding that prejudice should not attach to a dismissal when plaintiff has made allegations "which, upon further investigation and development, could raise substantial issues").

### 3. Claim Three (Eighth Amendment Cruel and Unusual Punishment)

In Claim Three, Plaintiff asserts that "Defendants lacked the power and right to inflict punishment on Plaintiff." *Compl.* [#1] at 3. Within the "Jurisdiction" section of the Complaint [#1], Plaintiff appears to bring this claim pursuant to the Eighth Amendment. *Id.* at 2. In support of this claim, Plaintiff alleges that "[he] was punished and incarcerated for 795 Minutes without probable cause, evidence of a crime or any violation, thereby constituting cruel and unusual punishment." *Id.* at 3.

"The Cruel and Unusual Punishment Clause was designed to protect those convicted of crimes . . . and consequently the Clause applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Whitley v. Albers*, 475 U.S. 312, 318 (1986) (internal quotations marks and citations omitted); *see also City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) (explaining that while the Eighth Amendment prohibits infliction of cruel and unusual punishment on prisoners, it applies only "after [the State] has secured a formal adjudication of guilt in accordance with due process of law" (internal quotation marks and citations omitted)).

Plaintiff was not convicted of any crime at the time of the conduct at issue, *i.e.* at the time of his arrest. Thus, Plaintiff has failed to plausibly allege an Eighth Amendment claim. *See City of Revere*, 463 U.S. at 244.

Because Plaintiff has not sufficiently alleged an underlying constitutional violation, the Court finds that Defendant Jones is entitled to qualified immunity with respect to Claim Three. *See Escobar*, 668 F. Supp. 2d at 1298. Accordingly, the Englewood Defendants' Motion [#4] is **granted** to the extent that Claim Three against Defendant Jones in his individual capacity is **dismissed with prejudice**. *See Olds v. Esslinger*, No. 09-cv-

01472-CMA-CBS, 2010 WL 749829, at *2 (D. Colo. Mar. 4, 2010) (dismissing the plaintiff's Eighth Amendment claim with prejudice because he was not a convicted inmate at the time of the challenged conduct).

### 4. Claim Four (Fourteenth Amendment Unlawful Arrest)

In Claim Four Plaintiff states that "Defendants lacked the power and right to obstruct or prevent Plaintiff from remaining at liberty." *Compl.* [#1] at 4. Within the "Jurisdiction" section of the Complaint [#1], Defendant appears to assert this claim pursuant to the Fourteenth Amendment. *Id.* at 2. In support of this claim, Plaintiff alleges that: "Plaintiff's Liberty was knowingly and willfully obstructed by Defendants when Defendants arbitrarily, without any effort to verify the accusation, and without probable cause arrested Plaintiff pursuant to an accusation which was easily proven false." *Id.* at 4.

First, Plaintiff has already asserted a false arrest claim pursuant to the Fourth Amendment within Claim Two. Second, an attempt to invoke the protections of the Fourteenth Amendment in addition to the more specific constitutional guarantees provided by the Fourth Amendment is inappropriate. *See Carbajal v. St. Anthony Cent. Hosp.*, No. 12-cv-02257-REB-KLM, 2013 WL 4799654, at *6 (D. Colo. Sept. 6, 2013). "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (holding the Fourth Amendment governs "pretrial deprivations of liberty" (citation and internal quotation marks omitted)). Thus, Plaintiff's false arrest claim is properly cognizable under the Fourth

Amendment, not the Fourteenth. *St. Anthony Cent. Hosp.*, 2013 WL 4799654, at *6. The Fourteenth Amendment's generalized protections against violations of due process are not specifically tailored to his claim here, and do not provide "an explicit textual source of constitutional protection against [the] particular sort of government behavior" that he is alleging. *Oliver*, 510 U.S. at 273 (citation and internal quotation marks omitted).

Accordingly, the Englewood Defendants' Motion [#4] is granted to the extent that Claim Four against Defendant Jones in his individual capacity is **dismissed with prejudice**. *See Olds*, 2010 WL 749829, at *5 (dismissing with prejudice a claim to the extent that the plaintiff had "improperly identified the Fourteenth Amendment" as the claim's source of applicable law).

### 5. Claim Six (Section 1983 Unlawful Arrest)

In Claim Six, Plaintiff asserts that "Defendants lacked the power and right to obstruct Plaintiff's civil rights." *Compl.* [#1] at 4. According to the "Jurisdiction" section of the Complaint [#1], Plaintiff asserts this claim pursuant to 42 U.S.C. § 1983. *Id.* at 2. The supporting facts provided under Claim Six state in their entirety: "Plaintiff was incarcerated without probable cause and under a false accusation." *Id.* at 4.

Based on the foregoing, the Court finds that Claim Six is duplicative of Plaintiff's false arrest claim found within Claim Two. It appears that Plaintiff is attempting to assert two distinct claims for his alleged false arrest under the Fourth Amendment (Claim Two) and Section 1983 (Claim Six). However, Section 1983 "creates only the right of action; it does not create any substantive rights; substantive rights must come from the Constitution or federal statute." *Ysasi v. Brown*, 3 F. Supp. 3d 1088, 1115 (D.N.M. 2014) (citing *Spielman v. Hildebrand*, 873 F.2d 1377, 1386 (10th Cir. 1989) ("Section 1983 does

not provide a remedy if federal law does not create enforceable rights.")).  "Rather, [Section 1983] authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights."  *Id.*  Thus, Plaintiff cannot claim any separate substantive right under Section 1983.  Instead, as Plaintiff has done by filing this suit, he may utilize Section 1983 to seek relief from the Defendants acting under color of state law for the alleged violations of Plaintiff's constitutional rights.

Accordingly, the Englewood Defendants' Motion [#4] is **granted** to the extent that Claim Six against Defendant Jones in his individual capacity is **dismissed with prejudice**.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

## B.    Defendant City of Englewood

Defendant Englewood asserts that any claim against it should be dismissed because Plaintiff has failed to adequately allege any policy or custom.  *Englewood Defendants' Motion* [#4] at 5-6.  The Court agrees.

To the extent that Plaintiff asserts his claims against the City of Englewood, a claim against a municipality "requires evidence that the municipality 'caused the harm through the execution of its own policy or customs or by those whose edicts or acts may fairly be said to represent official policy.'"  *See Patel v. Hall*, 849 F.3d 970, 978 (10th Cir. 2017) (citing *Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988)).  Inherent in that inquiry is whether the Plaintiff has specified the particular custom or policy that led to the

constitutional violation. *See Granato v. City and Cty. of Denver*, No. 11-cv-00304-MSK-BNB, 2011 WL 3820730, at *8 (D. Colo. Aug. 30, 2011).

In the Complaint, Plaintiff states that "[t]he Facts suggest [law enforcement officer] DAVE JONES was following standard policy which instructs [law enforcement officers] to make an arrest pursuant to an unverified accusation." *Compl.* [#1] at 3. The only other allegation Plaintiff provides regarding this "standard policy" is found in his Response to the Englewood Defendants' Motion, in which Plaintiff states:

> For the Record, Plaintiff contends [law enforcement officer] DAVE JONES and Partners at the scene appeared to act under some policy due [to] their nonchalant attitude toward verifying the alleged facts which would have supported probable cause to deprive Plaintiff of his Right to be Free (similar to the Jul 18 incident with [law enforcement officer] Castillo).

*Response* [#7] at 5.

These conclusory and speculative allegations, without more, fail to allege the existence of any specific policy, practice, or custom to substantiate Plaintiff's claims for municipal liability. *See Iqbal*, 552 U.S. at 680-81 (explaining that a recitation of the elements of a claim is insufficient to state a claim); *Wojdacz v. Denver Police Department*, No. 15-cv-02083-WJM-KLM, 2017 WL 8894639 at *9 (D. Colo. Aug. 8, 2017) (dismissing plaintiff's municipal liability claim because her allegations were conclusory and she failed to explain with particularity a policy, practice, or custom); *Griego v. Albuquerque*, 100 F. Supp. 3d 1192, 1215 (D. N.M Apr. 11, 2015) ("The plaintiff cannot simply allege that there is a policy in place, but, rather, must plead facts that, if true, would give rise to a plausible inference that such a policy exists."). Moreover, Plaintiff does not allege any facts to suggest that the misconduct alleged was more than an isolated incident. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) ("Proof of a single incident of unconstitutional activity is not sufficient to impose [municipal] liability.").

Accordingly, the Englewood Defendants' Motion [#4] is **granted** to the extent that all claims against the City of Englewood are **dismissed with prejudice**. *Brereton*, 434 F.3d at 1219 ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

**C.    Defendant Stevens**

**1.    Claims One, Two, Three, Four, and Six (Section 1983 Claims)**

Defendant Stevens contends that each constitutional claim against him fails because the guarantees of the Constitution only apply to state actors or those acting under the color of state law, not private parties. *Defendant Stevens' Motion* [#6] at 5-10. The Court agrees.

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how . . . wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation omitted). Thus, the only proper defendants in a Section 1983 action are those who "represent [the state] in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape*, 365 U.S. 167, 172 (1961); *Gallagher v. "Neil Young Freedom Concert"*, 49 F.3d 1441, 1447 (10th Cir. 1995).

Four tests are used to determine whether a private individual or entity may be found to be acting under color of state law and, therefore, may be liable pursuant to

Section 1983.  *See Gallagher*, 49 F.3d at 1447.  In short, these tests are the nexus test, the symbiotic-relationship test, the joint-activity test, and the public-functions test.  *See id.* The nexus test requires the Court to consider "whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself."  *Id.* (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).  The symbiotic-relationship test asks whether the state and the private party have "so far insinuated [themselves] into a position of interdependence" that a symbiotic relationship has formed.  *Id.* (citing *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 175 (1972); quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961)).  The joint-activity test inquires whether the private party is "a willful participant in joint activity with the State or its agents."  *Id.* (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).  The public-function test determines whether the private entity has exercised "powers traditionally reserved to the State."  *Id.* (quoting *Jackson*, 419 U.S. at 352).  In short, pursuant to each test, a plaintiff must show that "the alleged deprivation of constitutional rights was 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.'"  *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982)).

The allegations in Plaintiff's Complaint [#1] fall far short of meeting the requirements of the nexus test, the symbiotic-relationship test, the joint-activity test, or the public-functions test.  The Complaint merely alleges that Defendant Stevens reported a false complaint to the Englewood Police that led to Plaintiff's arrest.  *See generally Compl.* [#1].  However, "[t]he mere furnishing of information to police officers does not

constitute joint action under color of state law which renders a private citizen liable under [Section 1983]." *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) (citation omitted). Moreover, Plaintiff has not alleged that "there is a sufficiently close nexus between the State and the challenged action of [Defendant Stevens] so that the action of the latter may be fairly treated as that of the State itself." *Jackson*, 419 U.S. at 351. Nor has Plaintiff alleged that the State and Defendant Stevens "so far insinuated [themselves] into a position of interdependence" that a symbiotic relationship formed. *Moose Lodge No. 107*, 407 U.S. at 175; *Burton*, 365 U.S. at 725. Finally, Plaintiff fails to allege that Defendant Stevens exercised "powers traditionally reserved to the State." *Jackson*, 419 U.S. at 352.

In his Response, Plaintiff confusingly asserts that Defendant Stevens "was an Agent of a Federal Officer and a Federal Court, holding the appointed position of CUSTODIAN and as such, was not a mere immune civilian, but a viable Defendant." [#10] at 14. Although far from clear, Plaintiff appears to state that Defendant Stevens was appointed to manage "Plaintiff's estate" pursuant to Plaintiff's bankruptcy proceeding. *Id.* at 7. Regardless, the Court agrees with Defendant Stevens that the statements within Plaintiff's Response [#10] fail to allege any facts that would suggest or support a finding that Defendant Stevens was acting under color of state law when he contacted police regarding Plaintiff's violation of the Protection Order. *See Reply* [#11] at 1-2.[8]

---

[8] To the extent that Plaintiff asserts claims for conspiracy and "willful and malicious [f]alse [s]tatements" against Defendant Stevens in his Response [#10], Plaintiff cannot amend his pleading by adding factual allegations or new claims in his responsive brief. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint) (citation omitted); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (holding that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss")

Accordingly, Defendant Stevens' Motion [#6] is **granted** to the extent that Claims One, Two, Three, Four, and Six against him are **dismissed with prejudice**. *Brereton*, 434 F.3d at 1219 ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

### 2.      Claim Five (Common Law Abuse of Process)

Claim Five asserts that "Defendants lacked the power and right to victimize Plaintiff through any abuse of Legal Process." *Compl.* [#1] at 4. Within the "Jurisdiction" section of the Complaint [#1], Plaintiff indicates that he is asserting this claim under the "common law." *Id.* at 2. In support of this claim, Plaintiff provides the following factual allegations: "Plaintiff was incarcerated pursuant to the malicious use of The Legal Process by GARY STEVENS, evidenced by The false accusations presented to ENGLEWOOD POLICE." *Id.* at 4.

Based on these factual allegations, the Court construes Claim Five as being asserted solely against Defendant Stevens for the allegedly false complaint he reported to the police. Plaintiff provides no indication in his Complaint [#1] or Responses [#7, #10] that Claim Five is directed toward Defendant Jones or the City of Englewood. Without more, the Court is left to only guess the factual basis on which Claim Five provides an entitlement to relief with respect to these Defendants. *See* Fed. R. Civ. P. 8(a); *Carbajal v. City & Cty. of Denver*, 502 F. App'x 715, 716 (10th Cir. 2012) ("When a complaint falls short of [Rule 8's] requirements, it is 'not the district court's job to stitch together cognizable claims for relief from a wholly deficient pleading[.]'") (quoting *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007)); *Tuttamore v. Lappin*, 429 Fed. Appx.

---

(citations omitted); *Wilson v. Jenks*, No. 12-cv-02495-RM-KMT, 2014 WL 6515336, at *4 (D. Colo. Nov. 20, 2014).

687, 689 (10th Cir. 2011) (stating that Rule 8 enables "the court and the defendants to know what claims are being asserted and to determine how to respond to those claims"); *Arocho v. Nafziger*, 367 F. App'x 942, 954 (10th Cir. 2010) ("A complaint must include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[.]'" (quoting *Iqbal*, 556 U.S. at 678)).

Defendant Stevens construes Claim Five as a common law abuse of process claim to which Plaintiff does not object. *Defendant Stevens' Motion* [#6] at 8-9; *see generally Reply* [#10]. "A claim for abuse of process requires a plaintiff to allege and prove the following elements: (1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings, that is, use of a legal proceeding in an improper manner; and (3) resulting damage." *Walker v. Van Laningham*, 148 P.3d 391, 394 (Colo. App. 2006) (citations omitted). "The essence of the tort of abuse of process is the use of a legal proceeding primarily to accomplish a purpose that the proceeding was not designed to achieve." *Yadon v. Lowry*, 126 P.3d 332, 337 (Colo. App. 2005).

Here, the Court agrees with Defendant Stevens that Plaintiff has failed to adequately allege the first two elements of his abuse of process claim. *See Defendant Stevens' Motion* [#6] at 8-9. Plaintiff fails to allege any ulterior purpose for the use of any judicial proceeding. Moreover, as Defendant Stevens notes, "because [Plaintiff] was arrested and charged with a crime, such a judicial proceeding was necessarily brought by the People of the State of Colorado and not by [Defendant] Stevens." *Id.* at 9. Further, aside from the conclusory allegation that Defendant Stevens' complaint was "false," Plaintiff fails to allege any impropriety in Defendant Stevens' actions.

Plaintiff alleges in his Response that, on the date of his arrest, he saw Defendant Stevens "Running toward Plaintiff and The Fence separating the ingress/egress to/from 2710 WEST UNION AVENUE, which means STEVENS went out of his way to place himself within a few yards of Plaintiff, who was supposed to be so dangerous." [#10] at 11. He further alleges in his Response that Defendant Stevens "abused the Legal Process of The PROTECTIVE ORDER by knowingly and willingly causing Plaintiff to be Jailed, so that Plaintiff would not contest DEFENDANT STEVENS eventual fraudulent purchase of Plaintiff's Homestead." *Id.* at 15. However, as with the other numerous allegations raised for the first time in his Response, Plaintiff cannot cure the deficiencies in his Complaint [#1] by adding factual allegations in his responsive brief. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984); *Wilson v. Jenks*, No. 12-cv-02495-RM-KMT, 2014 WL 6515336, at *4 (D. Colo. Nov. 20, 2014). Moreover, these additional conclusory allegations fail to demonstrate that Defendant Stevens, rather than the State of Colorado, initiated the judicial proceedings of which Plaintiff complains.

Accordingly, because Plaintiff has failed to sufficiently plead a common law claim for abuse of process, Defendant Stevens' Motion [#6] is **granted** to the extent that Claim Six against him is **dismissed with prejudice**. *Brereton*, 434 F.3d at 1219 ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Englewood Defendants' Motion [#4] and Defendant Stevens' Motion [#6] are **GRANTED** and that Plaintiff's claims are **DISMISSED as outlined below**.

The following claim is **DISMISSED without prejudice**:

(1)     Claim Two against Defendant Jones in his individual capacity.

The following claims are **DISMISSED with prejudice**:

(1)     All claims against Defendant Jones in his individual capacity with exception to Claim Two;

(2)     All claims against the City of Englewood; and

(3)     All claims against Defendant Stevens.

IT IS FURTHER **ORDERED** that the Clerk of Court shall **CLOSE** this case.

Dated:  March 25, 2019

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge